**FILED**
**Jan 21, 2020**
**01:09 PM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Syvonia Armstrong | ) | Docket No.  2018-01-0006 |
| | ) | |
| v. | ) | State File No. 927-2018 |
| | ) | |
| Chattanooga Billiard Club, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Thomas L. Wyatt, Judge | ) | |

---

### Affirmed in Part, Reversed in Part, and Remanded

---

In this interlocutory appeal, the employer challenges the trial court's denial of part of its motion for summary judgment.  The employee alleged injuries as a result of receiving an electrical shock in the course of her employment.  After receiving treatment from an unauthorized dentist as well as from authorized medical care providers, the employee filed a petition alleging entitlement to additional benefits.  She subsequently requested a hearing in which she sought to compel the employer to provide benefits for dental injuries she alleged she suffered as a result of the workplace incident.  Following the hearing, the trial court denied benefits for the employee's alleged dental injuries but awarded other medical benefits.  Thereafter, the employer filed a motion for summary judgment supported by several documents and statements of allegedly undisputed facts as contemplated in Rule 56.03 of the Tennessee Rules of Civil Procedure.  In response, the employee submitted numerous documents, including a letter from a dentist stating that the dental work she needed "could very well be due to the electrical shock."  The trial court granted the employer's motion for summary judgment in part and dismissed the employee's claims for injuries to her mouth, eyes, and hearing.  The trial court denied the employer's motion as it related to the employee's claim of dental injuries.  The employer has appealed.  We affirm the trial court's grant of summary judgment dismissing the employee's alleged non-dental injuries, reverse the trial court's denial of summary judgment as to the employee's alleged dental injuries, and remand the case.

Judge David F. Hensley delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner joined.

Pete F. Frech and Alex B. Morrison, Brentwood, Tennessee, for the employer-appellant, Chattanooga Billiard Club

1

Syvonia Armstrong, Chattanooga, Tennessee, employee-appellee, pro se

## Factual and Procedural Background

Syvonia Armstrong ("Employee") was employed as a bartender for the Chattanooga Billiard Club ("Employer"). On December 12, 2017, she reported experiencing an electrical shock while changing a filter on a dishwasher in the course of her employment, which she alleged resulted in injuries to her face, the inside of her mouth, and her right arm. She informed Employer of the incident but declined Employer's offer to send her for immediate treatment.[1]

Employee alleged that on the evening of the incident, she developed swollen and burned lips, burns inside her mouth, pain in her left ear, and pain behind her left eye. She sought emergency care at Parkridge East Hospital in Chattanooga, Tennessee, where she reported she had "contact with electrical wire . . . at the right wrist" while "working on a dishwasher." Following an examination, Employee was diagnosed as having received an electrical shock. The report of her examination indicated she was discharged without any treatment being provided. Employee later sought medical benefits from Employer and was referred by Employer to its insurance broker to whom Employee reported that she suffered "chipped teeth" from an electrical shock that "blew out her fillings." Employee testified in an expedited hearing that she was allowed to see a dentist and that she saw Dr. Drew Shabo six days after the work incident. A December 18, 2017 clinical note from Dr. Shabo's office stated that "Dr. Shabo said there's no way to know whether the electric current caused the fracturing of teeth. [H]e said it is possible that the amalgam fillings acted as a conductor and caused them to fracture but he hasn't seen her before to know."

Employer subsequently provided Employee a panel of walk-in clinics from which she selected American Family Care where she was seen on two occasions, January 9 and 12, 2018. At her second visit, she was released to return to work without restrictions after being diagnosed with burns of the mouth and pharynx, and she was referred to an ear, nose, and throat ("ENT") specialist. Employer provided a panel of ENT physicians, and Employee selected Dr. Scott Fortune from the panel. Following an examination by Dr. Fortune, Employee was provided ointment to treat a burn of her left external ear canal and released without the doctor assigning an impairment rating or work restrictions.

Employer also provided Employee a panel of dentists. However, Employee refused to select a dentist from the panel based upon her having previously seen Dr. Shabo, whom she said she selected when she was earlier "allowed" by Employer's

---

[1] The record does not include a transcript of Employee's testimony at the expedited hearing. We have gleaned the facts from the pleadings, the trial court's expedited hearing order, the parties' submissions related to Employer's motion for summary judgment, and the trial court's order granting Employer a partial summary judgment.

2

insurance broker to go to a dentist.  Employee filed a request for a hearing to compel Employer to provide treatment with Dr. Shabo and to pay the bill for Dr. Shabo's earlier examination.  Following the scheduling of an expedited hearing to address Employee's requests, Employee submitted various documents she anticipated introducing into evidence at the hearing, including the records of Dr. Shabo's examination and a letter from him stating that he "concluded that the work that needs to be done to save [Employee's] teeth could very well be needed due to the electrical shock the patient experienced."  Employee later provided a second letter from Dr. Shabo addressing causation.[2]  Following submission of the letter, Employer filed a motion requesting the court to compel Employee to submit to an evaluation by a physician selected by Employer and to continue the scheduled expedited hearing until the evaluation could be completed.  The trial court granted Employer's motion for a medical examination and continued the expedited hearing.

Following the evaluation by Employer's physician, the trial court conducted the expedited hearing, identifying the primary issue as whether Employee came forward with sufficient evidence that she would likely prevail at trial in establishing causation for her alleged dental injuries.  The trial court concluded Employee had not established sufficient evidence of dental injuries for the court to order Employer to provide treatment, but the court ordered Employer to provide Employee "reasonable and necessary medical care . . . for the burn to [Employee's] left ear canal."  Neither party appealed the expedited hearing order.  The trial court subsequently issued a scheduling order that set deadlines for discovery and for filing various motions and set the case for trial on November 5, 2019.

On June 28, 2019, Employer filed a motion for summary judgment seeking to dismiss all of Employee's claims.  The motion was accompanied by 37 separate statements of facts that Employer alleged to be undisputed and material to Employee's claims.  Numerous documents were filed in support of Employer's motion indicating, among other matters, that none of the authorized physicians diagnosed Employee with permanent injuries resulting from an electrical shock, and that Employee's alleged dental injuries were not work-related.  At a subsequent hearing, Employee requested and was granted additional time to respond to Employer's summary judgment motion.  On the date set for the court to hear arguments on the summary judgment motion, Employee filed additional documents in response to the motion but did not file responses to the 37 statements of fact that Employer alleged to be material and undisputed.  Employee filed Dr. Shabo's September 5, 2018 letter, which stated that the work that needed to be performed on Employee's teeth "could very well be needed due to the electrical shock,"

---

[2] The second letter, dated September 19, 2018, was identified as an exhibit admitted into evidence at the February 6, 2019 expedited hearing.  The letter is referenced in several subsequent pleadings, but was not filed by Employer in support of its motion for summary judgment or submitted by Employee in response to Employer's motion.  This letter is not identified or addressed in the trial court's Order for Partial Summary Judgment and is not included in the record on appeal.

but Employee did not submit Dr. Shabo's subsequent letter addressing causation. Employee also submitted a Form C-32 (Standard Form Medical Report for Industrial Injuries) purportedly signed by Lawrence J. Mesich, DDS, which indicated that Dr. Mesich had treated Employee on numerous occasions in 2016 and did not observe cavities or fractures in Employee's teeth during those visits. The C-32 was marked to indicate an affirmative response to a question asking, "[d]id the injury result in a need for treatment."

After hearing arguments on Employer's motion for summary judgment, the court determined that the motion and Employer's supporting documents were sufficient to shift the burden to Employee to produce evidence demonstrating the existence of genuine factual issues. Because Employee failed to produce any expert opinion to rebut the opinions relied upon by Employer concerning Employee's claims of injuries to her eye, skin, mouth, and hearing, the court granted summary judgment as to those claims. With regard to Employee's alleged dental injuries, the court sustained Employer's objection to the admission of Dr. Mesich's C-32 because the document did not bear Dr. Mesich's original signature and was not accompanied by an affidavit verifying that Dr. Mesich signed the original document as contemplated in Tennessee Code Annotated section 50-6-235(c)(1) (2019). In addition, the court concluded that Employee failed to file a notice of her intent to use the C-32 as evidence as required by section 50-6-235(c)(2).

Addressing Dr. Shabo's opinions in its order, the court determined that a genuine issue of material fact existed "as to whether Dr. Shabo is of the opinion that [Employee's] dental injury is work related." As stated by the court:

> On one hand, [Dr. Shabo] said he cannot give a causation opinion because he did not examine [Employee's] teeth before she was allegedly shocked at work. On the other hand, he said the dental treatment he prescribed "could very well be needed due to the electric shock[.]"

In its order, the court stated that questions concerning the content of Dr. Shabo's opinions do not negate its evidentiary value, but go to its weight, and that "the Court does not resolve these discrepancies on summary judgment because such would require the weighing of evidence." Consequently, the trial court denied Employer's motion for summary judgment as it related to Employee's claim of dental injuries. Employer has appealed.

## Standard of Review

A trial court's ruling on a motion for summary judgment is reviewed *de novo* with no presumption of correctness. *Wallis v. Brainerd Baptist Church*, 509 S.W.3d 886, 895 (Tenn. 2016) ("[W]e make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied."). Also, we are mindful

of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2019).

## Analysis

Employer contends the trial court erred by considering Dr. Shabo's September 5, 2018 letter in which the doctor stated that the work that needs to be done to save Employee's teeth "could very well be needed due to the electrical shock." Employer additionally contends that, even if it was appropriate for the court to consider the letter, the letter is insufficient as a matter of law to establish causation and does not create a genuine issue of material fact. We perceive the latter contention to present the determinative issue, and we agree that the opinion expressed by Dr. Shabo was insufficient as a matter of law to create a genuine factual issue with respect to the primary cause of Employee's dental conditions.

A motion for summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. The burden is on the party pursuing summary judgment to demonstrate both that no genuine issues of material fact exist and that the moving party is entitled to a judgment as a matter of law. *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 83 (Tenn. 2008). If the moving party makes a properly supported motion, the burden of production then shifts to the non-moving party to demonstrate the existence of a genuine issue of material fact at the summary judgment stage. *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 265 (Tenn. 2015).

When, as in the present case, the moving party does not bear the burden of production at trial, "the moving party may satisfy its burden of production either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense." *Id.* at 264 (emphasis in original). In response, the nonmoving party must demonstrate the existence of specific facts in the record that could lead a rational trier of fact to find in favor of the nonmoving party. *Id.* at 265.

Here, Employer not only attempted to negate an essential element of Employee's claim of dental injuries by submitting expert proof stating that the need for dental treatment was not the result of the alleged electrical shock, but Employer also contended that, even with the additional time the court allowed Employee to respond to Employer's motion, the expert proof Employee presented at the summary judgment stage was insufficient as a matter of law to establish causation for her alleged dental injuries.

5

Relying on the opinion expressed by Dr. Richard Johnson in a Form C-32 negating causation of Employee's alleged dental injuries, Employer successfully shifted the burden to Employee to demonstrate the existence of specific facts in the record that could lead the trial judge to resolve the causation issue in her favor. The letter Employee submitted from Dr. Shabo stating the work needed to be done to save Employee's teeth "could very well be needed due to the electrical shock" was insufficient as a matter of law to support a decision in Employee's favor. *See Willis v. All Staff*, No. M2016-01143-SC-R3-WC, 2017 Tenn. LEXIS 455, at *14 (Tenn. Workers' Comp. Panel Aug. 3, 2017) (At trial, the physician "testified only that Employee's work activities . . . 'could have' contributed to the injury or were a 'possible' cause of the injury, 'in theory.' While this testimony may have been sufficient to establish causation under prior law, it is insufficient under the statutes applicable to this appeal."). Even if unopposed, the letter did not meet the causation requirements identified in the definition of "injury" and "personal injury" found in Tennessee Code Annotated section 50-6-102(14)(A)-(D) (2019). Thus, Employee failed to meet her burden of demonstrating the existence of specific facts in the record that could lead the trial judge to resolve the causation issue in her favor.

## Conclusion

We conclude that, viewed in the light most favorable to Employee, Dr. Shabo's opinion that the work that needed to be performed to save Employee's teeth "could very well be" the result of the electric shock is insufficient as a matter of law to support an award of benefits for Employee's alleged dental injuries. Accordingly, the trial court's order is affirmed in part and reversed in part. The case is remanded to the trial court for an order granting Employer's motion for summary judgment with respect to Employee's alleged dental injuries. We exercise our discretion to tax the costs on appeal to Employer.



| | |
|---|---|
| Syvonia Armstrong ) | Docket No. 2018-01-0006 |
| ) | |
| v. ) | State File No. 927-2018 |
| ) | |
| Chattanooga Billiard Club, et al. ) | |
| ) | |
| ) | |
| Appeal from the Court of Workers' ) | |
| Compensation Claims ) | |
| Thomas L. Wyatt, Judge ) | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 21st day of January, 2020.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Pete Frech<br>Julia Russo<br>Alex B. Morrison | | | | X | ppfrech@mijs.com<br>jlrusso@mijs.com<br>abmorrison@mijs.com |
| Syvonia Armstrong | | | | X | syvoniamercedes72@gmail.com |
| Thomas L. Wyatt, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov